IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN LIQUIDS TERMINALS LLC,§ | | |
| §| | |
| Plaintiff, § | | |
| v. § | INDEX NO. 08-cv-_____ | |
| §| | |
| MATRIX SERVICE INC., § | | |
| §| | |
| Defendants. § | | |

-----------------------------------------------------------------x

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Kinder Morgan Liquid Terminals LLC (hereinafter "Kinder Morgan"),
files its Original Complaint seeking the proper construction of a certain On Call
Agreement Contract with Matrix Service Inc. (hereinafter "Matrix") in connection with a
lawsuit styled *Kevin Moore v. Kinder Morgan Liquids Terminals LLC*, pending in the
Supreme Court of New York, Richmond County, Index No. 100176/06 (hereinafter "the
Moore action"). A true and correct copy of the plaintiff's Summons and Complaint from
the Moore action is attached as Exhibit 1.

## PARTIES

1.     Kinder Morgan is a corporation formed and existing pursuant to the laws
of the state of Delaware, with a principal place of business in Houston, Texas.

2.     Matrix is a corporation formed and existing pursuant to the laws of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

**VENUE**

3.     Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(a), as the parties have consented by contract to the personal jurisdiction of this Court.

**JURISDICTION**

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 2201, more particularly known as the Declaratory Judgments Act, and pursuant to 28 U.S.C. § 1332 due to Diversity of Citizenship of the parties.  The matter in controversy exceeds $75,000.00 exclusive of interest and costs.

**FACTS**

5.     On December 6, 2003, Matrix as "CONTRACTOR" and Kinder Morgan as "COMPANY" executed an "On Call Services Agreement for Construction Services" (hereinafter "On Call Agreement").  *See* Exhibit 2, "On Call Services Agreement for Construction Services Number 03-CE-23-115-LQT", dated December 6, 2003; *see also* Deposition of Sherri Lee Hendrichs, attached as Exhibit 3, at p. 10-11 and 107-108; Deposition of Douglas Leh, attached as Exhibit 4, at p. 153 - 154.

6.     The On Call Agreement was modified and extended on December 6, 2004. *See* Exhibit 5, Modification 1 of Contract Number 03-CE-23-115-LQT, dated December 6, 2004; *see also* Exhibit 3 at p. 19.

7.     Section 7.0 of the On Call Agreement, labeled "Indemnification" reads, in

pertinent part:

> § 7.1   [Matrix] agrees to release, defend, and to protect,
> indemnify and hold harmless [Kinder Morgan], its affiliates, their
> directors, officers, agents and employees (collectively "[Kinder
> Morgan Indemnitees"), from every kind or character of damages,
> losses, liabilities, expenses, demand or claims, including any and
> all costs and fees arising out of litigation or settlement of any
> claims (collectively "Losses"), caused by, arising from or relating
> to, directly or indirectly, the acts or omissions of [Matrix], its
> agents, employees, or subcontractors, regardless of whether such
> losses may have been caused in part by the negligence, either
> active or passive, or the strict liability of any [Kinder Morgan]
> Indemnitees or any third party. [Matrix] further agrees that it shall,
> at its own expense, defend any suit or action brought against
> [Kinder Morgan] Indemnitees and shall pay all damages, costs and
> expenses, including attorneys' fees, in connection therewith or any
> matter resulting for which it is legally liable hereunder.
>
> § 7.2   In addition to all other indemnifying provisions contained
> herein, [Matrix] shall defend and hold harmless [Kinder Morgan]
> against all losses, suits, expenses (including but not limited to
> reasonable attorney's fees and court costs) or claims for
> infringement of any patent right or licensed technology arising out
> of or relating to the work to be performed hereunder.
> Exhibit 2, at § 7.

8.     Section 16.2 of the On Call Agreement, labeled "Dispute Resolution"

reads, in pertinent part:

> This Agreement and any Authorizations for Expenditure shall be
> deemed to have been made and accepted in Harris County, Texas,
> and the laws of Texas (without giving effect to Texas' choice of
> law rules) shall govern any interpretations or constructions of this
> Agreement.  Any dispute between [Kinder Morgan] and [Matrix]
> arising from this Agreement shall be resolved first through
> discussions among upper management of the parties, and if the
> dispute cannot be resolved within forty-five (45) days from the
> date the matter was first brought by the disputing party to the
> attention of the other party, then either party may elect to resolve
> the matter through litigation which shall be brought in any court

sitting in Harris County, Texas having jurisdiction thereof. [Kinder Morgan] and [Matrix] each submits to the exclusive jurisdiction of said courts and waives the right to change venue. Exhibit 2 at § 16.2.

9.     Douglas Leh, head of the Allentech Division of Matrix, examined the indemnification clause at great length as he was concerned about its scope. *See* Exhibit 4, at p. 41 – 46. Specifically, Mr. Leh requested confirmation from Michael Wolfe of Matrix's Risk Management Department that this "fairly tough indemnification agreement" was acceptable to Matrix. *See* Exhibit 4 at p. 42 – 44. Mr. Wolfe confirmed that Mr. Leh was authorized to sign the contract and thereafter bind Matrix to the terms and conditions of this indemnity clause. *See id.*

10.     Pursuant to a Work Directive signed by the Allentech Division of Matrix on August 19, 2005, Matrix agreed to perform services at Kinder Morgan's facility in Staten Island, Richmond County, New York on Tank 60. *See* Exhibit 6, Work Directive for Tank 60; *see also* Exhibit 3 at pages 114-115; Exhibit 4, at p. 82 - 83.

11.     On September 14, 2005, Kevin Moore, a Matrix employee, allegedly fell through a floating roof, resulting in injury to his back while working on Tank 60. *See* Exhibit 1, at ¶ 14 – 17; *see also* Exhibit 6, Deposition of Kevin Moore, at p. 16 - 53.

12.     On January 16, 2006, Kevin Moore filed a lawsuit in Richmond County Supreme Court seeking damages for personal injuries allegedly sustained on or about September 14, 2005 while working on Tank 60. *See* Exhibit 1.

13.     Kevin Moore alleges in his Complaint, to which Kinder Morgan refers as if same were incorporated herein, that the accident resulting in his alleged injuries and

damages occurred at Tank 60 of Kinder Morgan's facility located at 4101 Arthur Kill
Road, Staten Island, New York, also known as Port Mobil, Staten Island, New York.  *See*
Exhibit 1, at ¶ 14 – 17.

14.    On February 24, 2006, Kinder Morgan filed its Verified Answer to Kevin
Moore's Complaint. *See* Exhibit 7, Kinder Morgan's Verified Answer.

15.    On or about August 30, 2006, Kinder Morgan filed a Third-Party
Complaint against Matrix.  *See* Exhibit 8, Kinder Morgan's Third-Party Plaintiff's
Complaint.

16.    On or about November 13, 2006, Matrix filed its Verified Answer to
Kinder Morgan's Third-Party Complaint. *See* Exhibit 9, Matrix's Verified Answer.

17.    Kinder Morgan tendered its defense to Matrix on February 27, 2006,
October 17, 2007, October 30, 2007 and December 13, 2007.  *See* Exhibit 10, Tender of
Defense Correspondence.

18.    The dispute regarding Matrix's obligation to defend, indemnify and hold
Kinder Morgan harmless was not resolved within forty-five (45) days, as per § 16.2 of
the On Call Agreement, of Matrix being notified by Kinder Morgan of the Moore action.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT – FAILURE TO DEFEND

19.    Kinder Morgan reiterates, repeats and realleges the foregoing paragraphs
numbered 1 through  18, inclusive, with the same force and effect as if fully set forth
herein.

20.     On or about January 16, 2006, the Moore action was brought against Kinder Morgan, in the Supreme Court of New York County by Kevin Moore, seeking damages for alleged injuries resulting from work performed pursuant to Work Directive for Tank 60 and the terms of the On Call Agreement. *See* Exhibit 1.

21.     Pursuant to the On Call Agreement, **Matrix agreed to** "release, **defend and to protect,** indemnify and hold harmless" **Kinder Morgan "from every kind or character of damages, losses, liabilities, expenses, demands or claims, including any and all costs and fees arising out of litigation or settlement of any claims ... caused by, arising from or relating to, directly or indirectly, the acts or omissions of [Matrix], its agents, employees, or subcontractors,** regardless of whether such losses may have been caused in part by the negligence, either active or passive, or the strict liability of [Kinder Morgan] or any third party.  **[Matrix] further agrees that it shall, at its own expense, defend any suit or action brought against [Kinder Morgan] and shall pay all damages, costs and expenses, including attorneys' fees, in connection therewith or any matter resulting for which it is legally liable hereunder."** *See* Exhibit 2, at § 7 (emphasis added).

22.     As per the On Call Agreement, Matrix was obligated to defend any suit against Kinder Morgan that sought damages on account of work performed pursuant to said Agreement.

23.     Based on the allegations contained in the Complaint filed by the plaintiff in the Moore action, attached as Exhibit 1, and the foregoing sections of the On Call Agreement, attached as Exhibit 2, the Moore action puts forth claims and liabilities that

invoke Matrix's duty to defend Kinder Morgan as set forth in Section 7.1 of the On Call Agreement.

24.     As a matter of law, Kinder Morgan is entitled to a full legal defense by Matrix for all of Kevin Moore's claims in the Moore action against Kinder Morgan, as well as all costs and attorneys' fees in connection therewith.

25.     On numerous occasions, Kinder Morgan has notified Matrix of the claim and requested that it defend the action pursuant to the terms of the "On Call Agreement". *See* Exhibit 10.

26.     To date, Matrix has refused to defend Kinder Morgan in the Moore action.

27.     Matrix's refusal to defend Kinder Morgan in the Moore action is a breach of the "On Call Agreement".

28.     As a result of Matrix's breach of the "On Call Agreement" Kinder Morgan has already incurred damages in the amount of $110,502.44, defending the Moore action, and damages continue to accrue.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT – FAILURE TO INDEMNIFY

29.     Kinder Morgan reiterates, repeats and realleges the foregoing paragraphs numbered 1 through  28, inclusive, with the same force and effect as if fully set forth herein.

30.     On or about January 16, 2006, the Moore action was brought against Kinder Morgan, in the Supreme Court of New York County by Kevin Moore, seeking

damages for alleged injuries resulting from work performed pursuant to Work Directive for Tank 60 and the terms of the On Call Agreement. *See* Exhibit 1.

31.     Pursuant to the On Call Agreement, **Matrix agreed to** "release, defend and to protect, **indemnify and hold harmless" Kinder Morgan "from every kind or character of damages, losses, liabilities, expenses, demands or claims, including any and all costs and fees arising out of litigation or settlement of any claims … caused by, arising from or relating to, directly or indirectly, the acts or omissions of [Matrix], its agents, employees, or subcontractors**, regardless of whether such losses may have been caused in part by the negligence, either active or passive, or the strict liability of [Kinder Morgan] or any third party.  **[Matrix] further agrees that it shall, at its own expense, defend any suit or action brought against [Kinder Morgan] and shall pay all damages, costs and expenses, including attorneys' fees, in connection therewith or any matter resulting for which it is legally liable hereunder."** *See* Exhibit 2, at § 7 (emphasis added).

32.     As per the On Call Agreement, Matrix was obligated to indemnify and hold harmless Kinder Morgan for damages which Kinder Morgan may incur on account of the work performed pursuant to the said Agreement. *See* Exhibit 2.

33.     Based on the allegations contained in the Complaint filed by the plaintiff in the Moore action (Exhibit 1) and the foregoing sections of the "On Call Agreement" (Exhibit 2), the Moore action puts forth claims and liabilities that invoke Matrix's duty to indemnify and hold harmless Kinder Morgan as set forth in Section 7.1 of the On Call Agreement.

34.     As a matter of law, Kinder Morgan is entitled to full indemnification and to be held harmless for all of Kevin Moore's claims in the Moore action against Kinder Morgan.

35.     On numerous occasions, Kinder Morgan has notified Matrix of the claim and requested that it indemnify and hold harmless Kinder Morgan pursuant to the terms of the "On Call Agreement". *See* Exhibit 10.

36.     To date, Matrix has refused to indemnify and hold harmless Kinder Morgan in the Moore action.

37.     Matrix's refusal to indemnify and hold harmless Kinder Morgan in the Moore action is a breach of the "On Call Agreement".

38.     As a result of Matrix's breach of the "On Call Agreement" Kinder Morgan will incur damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION - BREACH OF CONTRACT

39.     Kinder Morgan reiterates, repeats and realleges the foregoing paragraphs numbered 1 through  38, inclusive, with the same force and effect as if fully set forth herein.

40.     On or about January 16, 2006, the Moore action was brought against Kinder Morgan, in the Supreme Court of New York County by Kevin Moore, seeking damages for alleged injuries resulting from work performed pursuant to Work Directive for Tank 60 and the terms of the On Call Agreement.  *See* Exhibit 1.

41.     Pursuant to the On Call Agreement, **Matrix agreed to "release, defend and to protect, indemnify and hold harmless" Kinder Morgan "from every kind or character of damages, losses, liabilities, expenses, demands or claims, including any and all costs and fees arising out of litigation or settlement of any claims … caused by, arising from or relating to, directly or indirectly, the acts or omissions of [Matrix], its agents, employees, or subcontractors**, regardless of whether such losses may have been caused in part by the negligence, either active or passive, or the strict liability of [Kinder Morgan] or any third party.  **[Matrix] further agrees that it shall, at its own expense, defend any suit or action brought against [Kinder Morgan] and shall pay all damages, costs and expenses, including attorneys' fees, in connection therewith or any matter resulting for which it is legally liable hereunder."**  Exhibit 2, at § 7 (emphasis added).

42.     The On Call Agreement provides that Matrix is obligated to defend, indemnify, and hold harmless Kinder Morgan for any suit brought against Kinder Morgan seeking damages on account of work performed pursuant to said Agreement.

43.     Based on the allegations contained in the Complaint filed by the plaintiff in the Moore action (Exhibit 1) and the foregoing sections of the On Call Agreement (Exhibit 2), the Moore action put forth claims and liabilities that invoke Matrix's duty to defend, indemnify, and hold harmless Kinder Morgan as set forth in Section 7.1 of the On Call Agreement.

44.     As a matter of law, Kinder Morgan is entitled to a full legal defense for all of Kevin Moore's claims in the Moore action against Kinder Morgan, as well as all costs

and attorneys' fees in connection therewith.  Further, Kinder Morgan is entitled to full

indemnification and to be held harmless for all damages incurred and future damages

which may be incurred, pursuant to the terms of the On Call Agreement.

45.     On numerous occasions, Kinder Morgan has notified Matrix of the claim

and requested that it defend the action and indemnify and hold harmless Kinder Morgan

pursuant to the terms of the On Call Agreement. *See* Exhibit 10.

46.     To date, Matrix has refused to defend, indemnify, and hold harmless

Kinder Morgan in the Moore action.

47.     Matrix's refusal to defend or indemnify Kinder Morgan is a breach of the

On Call Agreement.

48.     As a result of Matrix's breach of the On Call Agreement Kinder Morgan

has already incurred damages in the amount of $110,502.44, and damages continue to

accrue.


WHEREFORE, Kinder Morgan prays for a judgment against Matrix as follows:

A.     A Declaration that the "On Call Agreement" attached as Exhibit 2 requires

Matrix to defend, indemnify, and hold harmless Kinder Morgan in the lawsuit styled

*Kevin Moore v. Kinder Morgan Liquid Terminals LLC*, pending in New York Supreme

Court, Richmond County, Index No. 100176/06;

B.     An award of all costs, disbursements, attorneys' fees, and other damages

incurred and to be incurred in connection with this action and the Moore action as

available by law and pursuant to the On Call Agreement; and,

C.      For such other and further relief as the Court may deem just and proper.


Dated: Port Washington, New York
       July 29, 2008

Counsel for Plaintiff
KINDER MORGAN LIQUIDS
TERMINALS LLC

By:    *[signature]*
       Brian T. McCarthy
       S.D. Texas Federal Bar No. 918003
       N.Y. State Bar No. 3927001
       366 Main Street
       Port Washington, NY  11050
       (516) 767-3600 – Telephone
       (516) 767-3605 – Telefax
       E-Mail: bmccarthy@codus-law.com

## VERIFICATION OF COMPLAINT

STATE OF NEW YORK          )
                           ) ss.:
County of Nassau           )

Brian T. McCarthy, being duly sworn, deposes and says:

That deponent is a member with CHALOS, O'CONNOR & DUFFY, LLP,

attorneys for the Plaintiff in the within action; that the deponent has read the foregoing

and knows the contents thereof; that the same is true to deponent's knowledge except as

to the matters therein stated to be alleged upon information and belief, and as to those

matters deponent believes it to be true.

Deponent further says that the source of deponent's information and the grounds

of deponent's beliefs as to all matters not stated upon deponent's knowledge are from

investigation made on behalf of said Plaintiff.

Dated: Port Washington, New York
       July 29, 2008

Brian T. McCarthy

Subscribed and sworn to before me this
July 29, 2008

Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008
2012

13